```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                  4:96-CR-12(01)(JMR)
```

United States of America        )
                                )
        v.                      )       ORDER
                                )
Jesus Ramirez Castillo          )

   Petitioner, Jesus Castillo, seeks relief from his conviction and sentence, claiming violations of the Vienna Convention on Consular Relations.  His motion is denied.

I.  Background

    Petitioner was arrested in January, 1996.  On March 6, 1996, he was charged in a five-count superseding indictment with drug trafficking and carrying a firearm in connection with drug trafficking.  In June, 1996, he was tried on the charges and convicted by a jury on June 20, 1996.  On November 19, 1996, this Court sentenced him to 322 months' imprisonment.

    Petitioner appealed his conviction to the Eighth Circuit Court of Appeals, where he challenged the sufficiency of the evidence and the Court's evidentiary rulings.  The Eighth Circuit affirmed the conviction without a reported opinion. United States v. Ramirez-Castillo, 129 F.3d 122, 1997 WL 691516 (8th Cir. 1997) (per curiam) (unpublished).

    In November, 1997, petitioner sought habeas corpus relief, seeking to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  He argued that his trial counsel provided

ineffective representation for failing to object to a jury instruction on conspiracy, and did not permit petitioner to plead guilty. This Court denied the motion and denied a Certificate of Appealability. Petitioner then sought a Certificate of Appealability from the Eighth Circuit Court of Appeals, which was also denied.

Now, ten years later, petitioner once again seeks relief, raising a completely new theory: he claims he is entitled to relief for violations of rights conferred under Articles 5 and 36 of the Vienna Convention on Consular Relations ("VCCR"), Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820. He claims no one advised him of his right under the VCCR to contact the Dominican Republic's Consul. Petitioner avers that, prior to trial and sentencing, he asked his attorney to contact the Dominican consulate, and his attorney falsely told him the consulate had been notified when in fact it had not. He claims this allegedly ineffective representation deprived him of the opportunity to consult with the Dominican consulate about a proposed plea offer. He avers that had the plea been accepted, it would have meant a lighter sentence than the one he is currently serving.

The petition fails.

II.  Analysis

As an initial matter, petitioner has not been given leave by the Eighth Circuit Court of Appeals to file a successive habeas

petition.  Mr. Castillo has already challenged his conviction and sentence once under 28 U.S.C. § 2255; a successive petition requires authorization from the Court of Appeals.  28 U.S.C. §§ 2255, 2244.  No such leave has been granted.  A petitioner may not bypass this requirement "by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005); United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002).  For this reason alone, the motion should be denied and the petition dismissed.

Beyond this, the issue has been procedurally defaulted.  Section 2255 petitions are not a substitute for direct appeal.  Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992).  Accordingly, a district court may not consider matters which could have been raised on direct appeal, absent a showing of cause and substantial, actual prejudice.  Ford v. United States, 983 F.2d 897, 898-99 (8th Cir. 1992) (per curiam).  The alleged violation of the VCCR occurred in 1996, prior to petitioner's trial and sentencing.  This issue could have been, but was not, raised on direct appeal. Beyond this, petitioner has failed to offer any showing of cause or prejudice.  The issue is therefore procedurally defaulted.  Compare Sanchez-Llamas v. Oregon, ___ U.S. ___, 126 S. Ct. 2669, 2687 (2006) (habeas petitioner procedurally defaulted VCCR claim by failing to raise it in state criminal proceeding); Breard v. Greene, 523 U.S. 371, 375 (1998) (per curiam) (same).

Beyond its procedural flaws, the petition fails on the merits. Article 5 of the VCCR is entitled "Consular functions." It touches on "helping and assisting nationals," and "representing or arranging appropriate representation" before the receiving state's tribunals. VCCR art. 5(e),(I). The "receiving State" is the state in which a consular post is established - in this case the United States of America. VCCR art. 4.

The Article's plain language addresses only consular functions; it confers no substantive rights upon individual nationals. This is consistent with the VCCR's Preamble, which says "the purpose of such privileges and immunities is not to benefit individuals but to ensure the efficient performance of functions by consular posts on behalf of their respective States . . . ." Petitioner has identified no authority to the contrary, and this Court is aware of none. Article 5 cannot provide petitioner any relief from his sentence.

Article 36, dealing with the consulate's contact with its nationals, "arguably confers" rights on an individual national who has been detained. Breard, 523 U.S. at 376. Both the Supreme Court and the Eighth Circuit have declined to decide whether such rights exist. Sanchez-Llamas, 126 S. Ct. at 2677; United States v. Santos, 235 F.3d 1105, 1108 (8th Cir. 2000). Assuming Article 36 establishes some form of right, it provides no remedy for any violation beyond stating that any rights expressed therein "shall

be exercised in conformity with the laws and regulations of the receiving State.  As the Eighth Circuit acknowledges,

> [C]ourts have been unable to reach a consensus, and often even a decision, on the issues of whether Article 36 creates an individually enforceable right to consular notification, whether a defendant must show prejudice to vindicate that right if it does exist, and what, if any, remedy may be available for such a violation.

Santos, 235 F.3d at 1107 (collecting cases; internal citations omitted); see also United States v. Ortiz, 315 F.3d 873, 886 (8th Cir. 2002).

Petitioner offers the case of Jogi v. Voges, 425 F.3d 367 (7th Cir. 2005) ("Jogi I"), in support of his view that Article 36 creates a right enforceable in a criminal proceeding.  But Jogi I is no longer good law; it was withdrawn and superseded by a new panel opinion earlier this year.  See Jogi v. Voges, 480 F.3d 822, 824 (7th Cir. 2007) ("Jogi II"), withdrawing and superseding 425 F.3d 367.  The new opinion still finds an individual right in Article 36, but no longer holds suppression of evidence to be an appropriate mechanism to vindicate that right.  Instead, the Seventh Circuit now finds a state prisoner who claims a violation of the VCCR has the right to pursue a civil action under 42 U.S.C. § 1983.  Jogi II, 480 F.3d at 836.  This is not the remedy petitioner seeks.

Other than the now-withdrawn Jogi I opinion, petitioner identifies no authority, and this Court is aware of none, which would allow him any remedies applicable in a criminal proceeding.

Indeed, courts generally do not allow such remedies.  See Sanchez-Llamas, 126 S. Ct. at 2682 (suppression not appropriate remedy for violation of VCCR); Ortiz, 315 F.3d at 886 (same); United States v. De La Pava, 268 F.3d 157, 165 (2d Cir. 2001) (same, regarding dismissal of indictment) (collecting cases).

After considering these authorities, the Court concludes that even if petitioner has a right to consular notification, the mere violation of that right affords no basis to challenge his conviction or sentence absent "some showing that the violation had an effect" on the conviction or sentence.  See Ortiz, 315 F.3d at 887.

Here, petitioner fails to show how any failure to notify the Dominican consulate of his arrest had the slightest impact on his conviction or sentence.  He does not suggest how and when the consulate might have responded had it been contacted; what, if any, advice it might have given; and what effect its presumed advice would have had on his decision to plead guilty, or on his ultimate sentence.  Contrast Ortiz, 315 F.3d at 886-87.  Petitioner was represented by counsel at the time he decided to proceed to trial; he was sentenced in accord with the applicable sentencing guidelines.  Whatever other effect Article 36 might have, this Court finds no indication that it supersedes the sentencing guidelines.  As a result, petitioner cannot establish the effect of any alleged violation on his conviction or sentence.

Finally, the Court considers petitioner's claim of ineffective assistance of counsel.  Petitioner claims his counsel failed to notify the Dominican consulate.  In making this claim, petitioner avers - some 10 years after his conviction and appeal - that he expressly requested his counsel to do so.[1]

To prevail on a claim of ineffective assistance of counsel, petitioner must show both that counsel's performance was deficient, and that he suffered actual prejudice as a result.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id.</u> at 694.  The Court "need not address the competency of counsel's performance if the prejudice issue is dispositive."  <u>Blankenship v. United States</u>, 159 F.3d 336, 338 (8th Cir. 1998).

Here, petitioner's asserted prejudice is purely speculative.  Assuming that VCCR's Article 36 creates an individual right, the

---

[1] The Court has no hesitation in expressing its difficulty in fully crediting petitioner's assertion.  Assuming petitioner actually instructed his attorney, pre-trial, to contact the Dominican Republic's consulate, he would certainly know that he *hadn't* been visited or contacted by a consular official, by the time of trial and sentencing.  And he would similarly know he *hadn't* seen such an official at the time of his appeal.  Under these circumstances, it beggars the imagination to suggest he wouldn't have raised this point for nearly 10 years.  Nevertheless, the Court analyzes this claim, and assumes his assertions to be true.

right ensures, at most, that the Dominican consulate was informed of petitioner's arrest and detention. Sanchez-Llamas, 126 S.Ct. at 2681. The VCCR does not guarantee the consulate's assistance or intervention. Id. Assuming, arguendo, petitioner's attorney breached an obligation to notify the consulate, petitioner still fails to show any way in which this breach affected his conviction or sentence. Any effect of a failure to notify the consulate lies purely in the realm of speculation.

There is absolutely no suggestion that the Dominican consulate would have offered better, or even different, advice than petitioner's own lawyer regarding the wisdom of accepting a plea agreement. As the Supreme Court observed in Breard, the defendant's attorneys "were likely far better able to explain the United States legal system to him than any consular official would have been." Breard, 523 U.S. at 377. Like petitioner here, Breard claimed he would have pleaded guilty but for the VCCR violation. The Supreme Court found that claim to be "far more speculative than the claims of prejudice courts routinely reject where an inmate alleges that his plea of guilty was infected by attorney error." Id. So it is here. Accordingly, even assuming counsel's failure to notify the Dominican consulate amounts to a violation of the VCCR, that failure did not rise to the level of ineffective assistance.

The Court has considered whether issuance of a Certificate of

Appealability ("COA") is appropriate.  See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).  In that context, the Court concludes that no issue raised in this petition is "debatable among reasonable jurists."  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted).  Petitioner has not made the "substantial showing that a federal right has been denied" necessary for the issuance of a COA.  Id.; see also 28 U.S.C. § 2253(c)(2).

III. Conclusion

For the foregoing reasons, the petition [Docket No. 172] is denied.  No Certificate of Appealability shall issue.

IT IS SO ORDERED.

Dated:  December 20, 2007

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge

9